UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH ELROY SMITH,

    Petitioner,

v.                                              Case No. 2:09-cv-215
                                                  HON. R. ALLAN EDGAR

GREG MCQUIGGIN,

    Respondent.
_____/

**MEMORANDUM AND ORDER**

Keith Elroy Smith ("Smith"), a Michigan state prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Timothy P. Greeley issued his report and recommendation. [Court Doc. No. 28]. It is recommended that the habeas petition be denied and dismissed with prejudice, and that a certificate of appealablity be denied under 28 U.S.C. § 2253(c)(2).

After reviewing the record *de novo*, the Court concludes that Smith's objections [Court Doc. No. 29] fail and must be denied. The Court accepts and adopts the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b). The Court has determined that the habeas petition is without merit. Smith has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2254.

Although the report and recommendation is correct as far as it goes, there is an additional issue or habeas claim that requires further analysis. The District Judge writes separately to amplify

and supplement the report and recommendation to address the fourth ground for relief pleaded by Smith in his amended habeas petition.

In his objections to the report and recommendation, Smith contends that prosecutorial misconduct, combined with other asserted errors, had a cumulative effect that resulted in an unfair trial violating his federal constitutional right to due process of law. This objection and due process argument is based on the fourth ground for habeas relief that Smith pleads in his amended habeas petition. [Court Doc. No. 10 p. 11]. The Court infers that Smith makes this claim under the Due Process Clause in the Fourteenth Amendment to the United States Constitution. The report and recommendation does not directly address Smith's fourth ground for habeas relief. The report and recommendation analyzes the allegations of prosecutorial misconduct solely in the context of the Sixth Amendment ineffective assistance of counsel claim. [Court Doc. No. 28 pp. 9-10].

The Court will deny and dismiss Smith's claim that prosecutorial misconduct, combined with other asserted errors at trial, had a cumulative effect which so infected his trial with unfairness that it amounts to a violation of his Fourteenth Amendment right to due process of law. The Court concludes that the prosecutor did not engage in substantial misconduct. The claim of prosecutorial misconduct is without merit. There were no other material errors during the trial that, when taken in combination with the alleged prosecutorial misconduct, had a cumulative effect of creating an unfair trial that amounts to a denial of constitutional due process. Smith received a fair jury trial and there was no violation of the federal constitutional right to due process of law.

I.  **Background and Procedural History**

Smith, who had a prior felony conviction, was arrested for shooting and killing Ronald Sellers ("Sellers') in Wayne County, Michigan. The homicide arose out of a dispute involving

Smith's purchase of a rock of crack cocaine from Sellers. Smith was dissatisfied with the quality of the crack cocaine and demanded a refund of his money from Sellers. At the time of the homicide, victim Sellers was seated inside a van. The prosecution presented undisputed evidence at trial that Smith entered the van with a handgun and shot Sellers point blank in the chest.

When the homicide occurred, Smith's friend or acquaintance, Richard Gentry ("Gentry"), was present. Gentry was an eyewitness to the homicide. Although Sellers was familiar with Gentry, Sellers did not know Smith. Gentry served as a "go-between" who helped to arrange the transaction whereby Smith purchased the crack cocaine from Sellers. While Gentry was present at the scene of the homicide, there is no evidence that Gentry was an accomplice or aided and abetted Smith in the murder of Sellers. There is no evidence that Gentry had any prior knowledge that Smith was going to shoot and kill Sellers.

During a preliminary examination hearing prior to trial, Gentry was called by the prosecution to give testimony establishing that Smith shot and killed Sellers. Smith's defense counsel cross-examined Gentry at the preliminary examination in an effort to show inconsistencies between Gentry's testimony and other evidence to prove that Smith was innocent of the homicide.

The case against Smith went to a jury trial in the Circuit Court of Wayne County. Gentry was unavailable as a witness at trial. Despite diligent, good faith efforts, the prosecutor and law enforcement officers were unable to find Gentry and produce him for the trial. The trial court allowed the prior testimony of Gentry taken during the preliminary examination to be admitted into evidence pursuant to Michigan Rule of Evidence 804(b)(1).

Smith contended that Gentry was his accomplice and Smith requested that the jury be given a cautionary instruction concerning the testimony of an accomplice. The trial court denied Smith's

request for the accomplice jury instruction because it was not supported by the facts and evidence presented at trial. There was no evidence indicating that Gentry was Smith's accomplice in shooting and killing Sellers. The undisputed evidence showed that Smith, acting alone, removed a handgun from his pocket and shot Sellers. Gentry did not knowingly participate in, encourage, or facilitate the murder of Sellers. Gentry's conduct at the time of the shooting contradicted Smith's contention that Gentry was an accomplice to the murder. When Smith began firing his gun, Gentry immediately ran away in fear and asked another person to provide assistance to victim Sellers. After the shooting, Smith drove the van away but Gentry did not accompany Smith in the van. Gentry and Smith did not leave the scene of the homicide together. This is all discussed by the Michigan Court of Apeals in *People v. Smith*, 2005 WL 3237754 (Mich. Ct. App. Dec. 1, 2005), when Smith's direct appeal from his judgment of conviction was dismissed.

On June 23, 2004, Smith was found guilty and convicted on three criminal charges: (1) first-degree premeditated murder, MCL § 750.316; (2) felon in possession of a firearm MCL § 750.224f; and (3) possession of firearm during the commission of a felony, MCL § 750.227b. Smith was sentenced to mandatory life imprisonment on the murder conviction plus a concurrent term of three to five years imprisonment on the felon-in-possession of firearm conviction. He was further sentenced to a consecutive term of two years imprisonment on the conviction for possession of a firearm during the commission of a felony.

Smith took a direct appeal from the judgment of conviction through the Michigan Court of Appeals, *Smith*, 2005 WL 3237754, and the Michigan Supreme Court, *People v. Smith*, 474 Mich. 1128, 712 N.W.2d 486 (Mich. Sup. Ct. April 28, 2006). His direct appeal was dismissed and the judgment of conviction affirmed.

In his direct appeal in the Michigan appellate courts, Smith raised only two issues. First, Smith argued that he was denied the right to due process of law and the Sixth Amendment right to confront witness Richard Gentry when the trial court determined that Gentry was an unavailable witness and admitted into evidence pursuant to Michigan Rule of Evidence 804(b)(1) the prior testimony given by Gentry at the preliminary examination. Smith argued that the prosecutor did not make a diligent, good faith effort to secure the presence of Gentry at trial and that Gentry should not have been deemed an unavailable witness whose prior testimony could be admitted pursuant to Michigan Rule of Evidence 804(b)(1). Second, Smith argued that the trial court committed error by refusing to give an accomplice instruction to the jury regarding Gentry's testimony.

The Michigan Court of Appeals thoroughly analyzed and correctly rejected both of Smith's arguments on direct appeal. *Smith*, 2005 WL 3237754. It is unnecessary to reiterate here the well-reasoned opinion of the Michigan Court of Appeals. During his direct appeal Smith never raised a claim of prosecutorial misconduct. Smith did not argue on direct appeal that his federal constitutional right to due process had been violated on the theory that prosecutorial misconduct, combined with other purported errors at trial, had a cumulative effect making his trial unfair.

After his direct appeal was dismissed, Smith made a motion in the Wayne County Circuit Court seeking relief from the judgment of conviction under Michigan Court Rule 6.508(D). In this motion, Smith for the first time raised three new claims that were not part of his direct appeal. Smith for the first time claimed: (1) there was insufficient evidence to support the jury's guilty verdict; (2) prosecutorial misconduct; and (3) ineffective assistance of counsel.

Smith contended that the prosecutor engaged in the following misconduct which created prejudice against Smith and deprived him of a fair trial. According to Smith, the prosecutor: (1)

failed to provide Smith's trial counsel with pretrial discovery of evidence technician Frank Horan's report; (2) improperly attempted to evoke an emotional response from the jury; (3) repeatedly stated to the jury that the prosecution's witnesses had no reason to lie , i.e. no reason or motive to give false testimony against Smith; and (4) improperly argued facts beyond the scope of the evidence and injected the prosecutor's personal opinion when the prosecutor, without sufficient supporting evidence, told the jury that Smith opened the van's side door and shot Sellers.

On June 11, 2007, the Wayne County Circuit Court denied the motion for post-conviction relief. In its decision [Court Doc. No. 10-2, pp. 85-87], the Wayne County Circuit Court completely rejected Smith's claim of prosecutorial misconduct stating:

> On defendant's claim of prosecutorial misconduct, again, such a claim was not raised on direct appeal so defendant is precluded from raising such an issue unless he can show entitlement under the exceptions contained in MCR 6.508(D)(3)(a)-(b). No such showing is apparent or claimed. Moreover, any such claim would have clearly been futile. The first act of prosecutorial misconduct was the prosecutor's failure to provide defense trial counsel with a copy of an evidence tech report prior to trial. The reason for the People's failure to comply with a discovery order is not apparent on the record but it appears that defense counsel did have an opportunity to review the evidence tech's report prior to that witness being called and there is no showing that the somewhat tardy disclosure in any way hobbled defense counsel in his representation of defendant.
>
> The next two claims of prosecutorial misconduct are plainly refuted by the record as quoted by the defendant in his motion. The portion of the People's closing argument quoted as an example of 'appeal to emotion' is a straightforward and permissible argument on the facts. Similarly, the People's argument to the jury that the People's witnesses had no reason to lie mirrors a jury instruction on that very point and is in no way an impermissible argument. Finally, the claim that the prosecutor argued facts not in evidence is simply unsupported by the quoted portions of the argument in defendant's brief and motion. The trial prosecutor is clearly free to argue any fair and reasonable inferences that can be drawn from the facts presented.

[Court Doc. No. 10-2 pp. 86-87].

**II.     Analysis**

In his amended habeas petition under 28 U.S.C. § 2254, Smith continues to assert his claim that the cumulative effect of prosecutorial misconduct, combined with other errors, resulted in a trial that was so overwhelmingly unfair it violated his federal constitutional right to due process of law. [Court Doc. No. 10 p. 11, Amended Habeas Petition, Ground Four]. The Magistrate Judge's report and recommendation [Court Doc. No. 28] does not directly address this claim.

**A.     Three Habeas Claims Addressed in Report and Recommendation**

The report and recommendation is limited to discussing three other claims that Smith pleads in his amended habeas petition. The report and recommendation concentrates on Smith's claims:

(1)  he was denied due process of law and his Sixth Amendment right to confront witness Gentry when the trial court admitted into evidence at trial the preliminary examination testimony of unavailable witness Gentry;

(2)  the trial court erred when it did not properly give a cautionary instruction to the jury concerning accomplice testimony with regard to witness Gentry; and

(3)  he was denied effective assistance of counsel when his trial counsel failed to locate or make a motion for production of a witness named "Donta," failed to obtain discovery material from the prosecution (i.e. disclosure of the evidence technician Frank Horan's report), and failed to object to prosecutorial misconduct.

Smith's allegations of prosecutorial misconduct are analyzed in the report and recommendation only in the context of the Sixth Amendment ineffective assistance of counsel claim. [Court Doc. No. 28 pp. 9-10]. The Magistrate Judge correctly concludes that these three habeas

claims are without merit and recommends they be dismissed.

With regard to the three habeas claims addressed in the report and recommendation, Smith makes a very abbreviated and perfunctory objection to the recommendation that they be dismissed. Smith merely makes a general argument that, in his view, these three habeas claims are meritorious and he asks the District Judge to perform *de novo* review. [Court Doc. No. 29 p. 2]. In his objections Smith does not bother to point out any particular facts or conclusions of law in the report and recommendation that he contends are incorrect. Smith's objections are devoid of any useful argument and analysis. Smith simply rests on the arguments and documents he has previously presented without any further elaboration and discussion.

After reviewing the record *de novo*, the District Judge concludes that the three habeas claims which are discussed and analyzed in the Magistrate Judge's report and recommendation are without merit and must be dismissed. The District Judge agrees with and adopts the report and recommendation. For the reasons expressed in the report and recommendation, the Court denies and dismisses Smith's habeas claims that: (1) he was denied the right to due process and the Sixth Amendment right to confront witness Gentry when the trial court admitted into evidence at trial the preliminary examination testimony of unavailable witness Gentry; (2) the trial court erred when it did not give a cautionary instruction to the jury concerning accomplice testimony; and (3) he was denied the Sixth Amendment right to the effective assistance of counsel.

**B.** **Fourth Ground For Habeas Relief: Claim of Unfair Trial and Denial of Due Process Based on Cumulative Effect of Prosecutorial Misconduct Combined with Other Asserted Errors at Trial**

This Court's decision to adopt the report and recommendation undercuts Smith's fourth

ground for habeas relief. When Smith contends that prosecutorial misconduct, combined with other errors at trial, had a cumulative effect which resulted in an unfair trial, the "other errors" he seeks to rely on are the same three habeas claims addressed in the report and recommendation which are without merit.

This Court concludes that there were no "other errors" at trial under either federal law or Michigan state law that Smith can combine with the alleged prosecutorial misconduct to support his unfair trial/due process theory that there was a cumulative effect. There are no "other errors" at trial beyond or in addition to Smith's allegations of prosecutorial misconduct. Smith was not denied the Sixth Amendment right to effective assistance of counsel. The trial court did not commit errors or violate any of Smith's rights when the preliminary examination testimony of unavailable witness Gentry was admitted into evidence and Smith's request for a jury instruction concerning accomplice testimony was denied. To the extent that Smith contends there is a cumulative effect of errors that infected his trial with unfairness for purposes of due process analysis, Smith is only left with the argument that the prosecutorial misconduct alone had such a cumulative effect.

In *Brecht v. Abrahamson*, 507 U.S. 619 (1993), the Supreme Court, in the context of discussing the harmless error rule, observed in *dicta* in a footnote that it might be possible in unusual cases that "a deliberate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not substantially influence the jury's verdict." *Id*. at 638 n. 9. The Sixth Circuit recognizes that, in the context of applying the harmless error rule, trial errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone or in isolation, may cumulatively produce a fundamentally unfair trial. *United States v. Peyton*, 2006

9

WL 1479031, *5 (6th Cir. May 26, 2006); *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006); *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983); *see also Williams v. Lavigne*, 2006 WL 2524220, * 2 (W.D. Mich. Aug. 30, 2006).

Smith has not met his burden of showing that the instant case is an exceptional or extraordinary one where the "cumulative error" principle may be invoked. The mere addition of numerous insubstantial complaints of trial error will not lead to a successful "cumulative error" argument. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Williams*, 2006 WL 2524220, at * 2; *Nichols v. Bell*, 2006 WL 2065414, *108 (E.D. Tenn. July 25, 2006).

To determine whether a prosecutor's misconduct during a criminal trial in state court violates federal law, the inquiry in a habeas proceeding is whether the misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *accord Johnson*, 544 F.3d at 598; *Akins v. Warren*, 362 Fed. Appx. 508, 513-14 (6th Cir. 2010); *Slagle v. Bagley*, 457 F.3d 501, 515 (6th Cir. 2006); *Gillard*, 445 F.3d at 897; *Cox v. Curtin*, 698 F. Supp.2d 918, 946 (W.D. Mich. 2010); *Brown v. Bell*, 2010 WL 774330, * 11 (W.D. Mich. Feb. 26, 2010); *Andres v. McKee*, 2010 WL 774324, * 2 (W.D. Mich. Feb. 26, 2010). When a habeas petitioner claims prosecutorial misconduct, the touchstone of the due process analysis is the ultimate fairness of the trial, not the prosecutor's culpability. *Smith v. Phillips*, 455 U.S. 209, 219 (1982); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1355 (6th Cir. 1993); *Cox*, 698 F. Supp.2d at 946; *McMillian v. Berghuis*, 2009 WL 3877510, * 25 (W.D. Mich. Nov. 18, 2009).

Even if a prosecutor's challenged conduct during a criminal trial is improper, habeas relief is available only if the prosecutor's misconduct was so flagrant and egregious as to render the entire

trial fundamentally unfair. *Johnson*, 544 F.3d at 597; *Akins*, 362 Fed. Appx. at 514; *Gillard*, 445 F.3d at 897; *Cox*, 698 F. Supp.2d at 946; *Brown* , 2010 WL 774330, at * 11; *McMillian*, 2009 WL 3877510, at * 26.

The Sixth Circuit utilizes a two-part test to determine whether a claim of prosecutorial misconduct warrants a new trial or habeas relief. First, the Court must determine whether the prosecutor's conduct was improper. If the prosecutor's conduct was improper, the second step is to determine whether the misconduct was so flagrant that it infected the trial with unfairness as to make the resulting conviction a denial of due process. The second step requires the consideration and balancing of four factors: (1) whether the prosecutor's improper conduct tended to mislead the jury or prejudice the defendant; (2) whether the prosecutor's improper conduct was isolated or extensive; (3) whether the prosecutor's improper conduct was deliberate or accidental; and (4) whether the evidence presented against the defendant at trial was strong or weak. *Akins*, 362 Fed. Appx. at 514; *United States v. Warshak*, 631 F.3d 266, 302-03 (6th Cir. 2010); *Cristini v. McKee*, 526 F.3d 888, 899 (6th Cir. 2008); *Girts v. Yanai*, 501 F.3d 743, 758-59 (6th Cir. 2007); *Gillard*, 445 F.3d at 898; *Cox*, 698 F. Supp.2d at 946. None of these four factors by itself is dispositive. *Warshak*, 631 F.3d at 305; *United States v. Galloway*, 316 F.3d 624, 632 (6th Cir. 2003).

When considering challenges to a prosecutor's statements at trial, the Court examines those statements within the context of the entire trial to determine whether they were prejudicial. *Warshak*, 631 F.3d at 302; *Cristini*, 526 F.3d at 899; *Girts*, 501 F.3d at 759. Prosecutors have wide latitude to argue the evidence and any reasonable inferences that can be drawn from the evidence. *Johnson v. Bagley*, 544 F.3d 592, 597-98 (6th Cir. 2008); *Cristini*, 526 F.3d at 901; *United States v. Collins*, 78 F.3d 1021, 1039-1040 (6th Cir. 1996); *Cox*, 698 F. Supp.2d at 945; *Gaffney v. Sherry*,

11

2010 WL 432279, * 10 (W.D. Mich. Jan. 27, 2010). However, prosecutors cannot offer their personal opinions as to the credibility of a witness or the guilt of a defendant, or discuss any purported facts not introduced into evidence. *Cristini*, 526 F.3d at 901; *Cox*, 698 F. Supp.2d at 945.

In the present case, petitioner Keith Elroy Smith cannot clear the first hurdle. Smith has not met his burden of satisfying the first part of the test. Smith fails to show that the prosecutor engaged in any substantial misconduct.

The details of Smith's allegations of prosecutorial misconduct are set forth in the brief that Smith filed in the Wayne County Circuit Court in support of his motion for relief from the judgment. [Court Doc. No. 10-2, pp. 62-73]. This Court has reviewed *de novo* the allegations of prosecutorial misconduct. The claim of prosecutorial misconduct is extremely weak. This Court concurs with the Wayne County Circuit Court's decision on June 11, 2007, that Smith's prosecutorial misconduct claim lacks merit. The prosecutor's conduct did not substantially prejudice Smith or cause an unfair trial that amounts to a denial of the federal constitutional right to due process of law. The challenged statements and arguments that the prosecutor presented to the jury were fair and proper under the circumstances at Smith's trial.

Prior to trial the prosecutor failed to provide Smith's defense counsel with discovery of an investigative report prepared by evidence technician Frank Horan. When Frank Horan was called to testify at trial, the prosecutor provided a copy Horan's report to Smith's counsel. Smith's counsel reviewed Horan's report before cross-examining Horan. Smith fails to meet his burden of showing that the prosecutor's conduct caused Smith to suffer actual prejudice and made the trial so unfair that it amounts to a denial of due process. The prejudicial effect of the prosecutor's failure to produce Horan's report to Smith's counsel during pretrial discovery was *de minimus*.

Next, Smith argued that the prosecutor made an improper comment during closing argument in an attempt to evoke an emotional reaction from the jury. Smith relies on the following statement by the prosecutor: "You heard from Mr. Gentry, he said, I was coming down to buy rocks, you heard it, he wasn't denying it. These other people were in the van, they explained why they were there. Angela said Ron [Sellers] was her God Father, you saw how emotional she was when she was testifying." Based on this innocuous statement by the prosecutor, Smith contends that the prosecutor improperly asked the jury to have sympathy for the witnesses and victim Sellers. It is argued by Smith that the prosecutor's comment was irrelevant and had no purpose except to inflame the jury to create anger or contempt against Smith which caused him prejudice. [Court Doc. No. 10-2, p. 69].

This contention fails. The Court finds that the prosecutor's isolated comment during closing argument was proper and did not constitute an unfair attempt to evoke an emotional reaction from the jury. When the prosecutor stated that Angela testified Ron Sellers was her godfather and the jury could observe how emotional Angela was when testifying, it this was nothing more than a fair comment concerning the credibility of Angela. Even if the prosecutor's comment to the jury is somehow considered to be improper, the prejudice to Smith, if any, was *de minimus*.

Next, Smith contends that it was improper for the prosecutor during closing argument to repeatedly state to the jury that the prosecution's witnesses had no reason to lie. As an example, Smith relies on the following statement by the prosecutor: "These people have no reason to lie about Mr. Smith being the shooter, none whatsoever." Smith cites *United States v. Krebs*, 788 F.2d 1166 (6th Cir. 1986).

This contention fails. The prosecutor's comment was entirely fair and proper. The prosecutor was merely making a fair argument about whether the witnesses had a reason or motive

13

to lie and give false testimony against Smith. During closing argument to the jury the prosecutor has a right to make such fair arguments concerning the credibility of witnesses.

It is improper for a prosecutor to state his personal opinion concerning the credibility of a witness or the guilt of a defendant. *Krebs*, 788 F.2d 1166. However, the prosecutor's closing argument in Smith's trial did not cross the line of fairness and constitute improper "vouching" for the credibility of the witnesses. Impermissible vouching occurs when a prosecutor supports the credibility of a witness by indicating the prosecutor's personal belief in the witness's credibility, thereby placing the prestige of the prosecutor's office behind that witness. *United States v. Gross*, 2011 WL 2989375, * 5 (6th Cir. July 25, 2011); *Warshak*, 631 F.3d at 303; *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). This did not occur in Smith's trial. Smith has not identified any specific statements made by the prosecutor to the jury where the prosecutor improperly vouched for a witness by indicating the prosecutor's personal belief in the witness's credibility. It was proper for the prosecutor to argue to the jury that the witnesses had no reason to lie and no motive to give false testimony against Smith, and such arguments do not constitute vouching.

Smith's reliance on *Krebs*, 788 F.2d 1166 is misplaced. *Krebs* is distinguishable from the instant case. *Krebs* involved a direct appeal from a federal judgment of conviction. During closing argument at the jury trial, a federal prosecutor stated: "But I want to suggest to you that in this trial testimony, she [witness Kassim] was telling the truth .... Basically, she had no reason to lie," and "*she is basically telling the truth in this case* because she had no reason to lie....". (Emphasis supplied). The Sixth Circuit determined that the effect of the prosecutor's statement was to improperly express a personal opinion vouching for the credibility of the witness. *Krebs*, 788 F.2d at 1176-77. The Sixth Circuit's opinion in *Krebs* is not applicable to Smith's case because the

prosecutor in Smith's case did not express a personal opinion vouching for the credibility of the witnesses.

Next, Smith contends that the prosecutor during closing argument improperly argued facts not in evidence or beyond the scope of the evidence. It is argued that the prosecutor injected his personal opinion when the prosecutor, without supporting evidence, told the jury that Smith opened the van's side door and shot Sellers. This contention fails. The Court concludes that the prosecutor's argument on this point was fair, proper, and based on reasonable inferences that could be drawn from the facts and evidence presented at trial.

In sum, Smith fails to meet his burden of satisfying the first part of the test. Smith has not established that the prosecutor engaged in any substantial improper conduct during the trial that rises to the level of prosecutorial misconduct. Smith's complaints about the prosecutor's conduct at trial are *de minimis* and borderline frivolous.

Even if we assume for the sake of discussion that Smith has satisfied the first part of the test and demonstrated some prosecutorial misconduct(which he has not done), he cannot meet his burden of satisfying the second part of the test. Smith has not established that the prosecutor's alleged misconduct was so flagrant and egregious that it infected the trial with such a significant degree of fundamental unfairness that Smith's conviction amounts to a violation of the constitutional right to due process of law. The relevant factors weigh against Smith. Smith fails to show that the prosecutor's alleged misconduct tended to mislead the jury or caused unfair prejudice to him. The prosecutor's alleged misconduct was not extensive. The evidence presented against Smith at trial was strong and supported the jury's guilty verdict.

Accordingly, Smith's claim that prosecutorial misconduct, combined with other asserted

errors at trial, had a cumulative effect which so infected and permeated his trial with unfairness that it amounts to a violation of the constitutional right to due process of law will be dismissed.

### III. Conclusion

Petitioner Smith's objections to the report and recommendation [Court Doc. No. 29] are **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b) the Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation. The Court concludes that the habeas petition is entirely without merit. Smith has not met his burden of showing that he is entitled to any relief under 28 U.S.C. § 2254. The habeas petition shall be **DENIED and DISMISSED WITH PREJUDICE**.

If petitioner Smith files a notice of appeal, it shall be treated as an application for a certificate of appealability which shall be **DENIED** pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Smith has not made a substantial showing of the denial of a federal constitutional right. Reasonable jurists could not find that dismissal of the habeas petition is debatable or erroneous.

A separate judgment will enter.

SO ORDERED.

Dated: October 11, 2011.

                                               /s/ R. Allan Edgar
                                                    R. ALLAN EDGAR
                                         UNITED STATES DISTRICT JUDGE